BOLIN, Judge.
This is a suit brought for recovery of damages sustained in an accident involving a cab owned by the defendant in which plaintiff, Mrs. Dorothy O. Mason, was a guest passenger. Mrs. Mason sues for personal injuries and Mr. Mason for reimbursement of medical expenses and loss of earnings of his wife, including future loss of wages. Defendant admits liability for the accident and the only issue raised in the trial below was that of quantum.
The accident occurred near Union Station, Shreveport, Louisiana, on July 28, 1958, when the driver of the cab in which the plaintiff was riding backed into a diesel locomotive, bounced against the brick station building, and back into the locomotive. Plaintiff was tossed and thrown about inside the cab sustaining the injuries which were made the basis of her claims. Mrs. Mason received first aid after the accident and was given medication for the relief of pain. The following day she went to her personal physician for treatment' of pain in her back. He referred her to Dr. Ray King, an orthopedic specialist in Shreveport, and thereafter followed the sequence of medical treatment which is discussed later herein.
Mrs. Mason operated a nursery in Bossier City and following the accident, the nursery was supervised by her maid until it was closed upon her journey to Mississippi on August 16, 1958. After thus visiting with her mother in Mississippi for three days, she joined her husband in Baton Rouge, where he had obtained employment.
The medical testimony was taken from Drs. King, Bannerman, Forman, Hansen, and Taylor, all of whom examined and/or treated plaintiff subsequent to the accident.
The trial in the lower court was by jury, which returned a verdict in favor of C. L. Mason in the sum of Four Thousand One Hundred and no/100 ($4,100) Dollars; and in favor of Mrs. Dorothy O. Mason in the sum of Seven Thousand and no/100 ($7,000) Dollars.
Defendant appealed from the judgment as to both amounts and asks this Court to reduce the award in favor of C. L. Mason to Five Hundred Fifty Four and 44/100 ($554.44) Dollars for medical expenses; that no allowance should be made for loss of earnings by Mrs. Mason as the same were not proven. Defendant further requests that the award for personal injury in favor of Mrs. Mason be reduced to an amount not to exceed One Thousand Five Hundred and no/100 ($1,500) Dollars.
Plaintiffs answer the appeal and ask that the award in favor of Mrs. Mason be increased to Thirteen Thousand and no/100 ($13,000) Dollars and the amount in favor of C. L. Mason be increased to Eight Thousand One Hundred and no/100 ($8,100) Dollars, on the grounds that the jury did not take into consideration future damages to plaintiffs.
Specifically, the errors relied upon by appellant are:
A. The jury found that the plaintiff, Dorothy O. Mason, sustained injuries that were not supported by the preponderance of the evidence, but which were negated by the plaintiff’s' own medical testimony.
*188 B. The jury found loss of earnings of Dorothy O. Mason for plaintiff C.L. Mason that were not established by the testimony but which were negated by the testimony.
C. The jury allowed recovery to C. L. Mason for medical expenses sfor alleged treatment for conditions not related to, caused by, nor aggravated by the accident.
D. The jury verdict of Seven Thousand and no/100 ($7,000) Dollars for Dorothy O. Mason and Four Thousand One Hundred and no/100 ($4,100) Dollars for C. L. Mason is excessive as a matter of law.
The sole issue presented to this court for decision is that of quantum. Therefore, it is necessary to give a more detailed statement of the medical testimony elicited during the trial below.
The sequence, with regard to the examination and treatment, originated with the administration of first aid shortly after the accident by Dr. Drummond. He found scratches on her shoulders and a cut on her nose together with bruises on her legs. In addition to first aid treatment for these, he gave her some sedatives for the relief of pain.
Later in the evening, according to her testimony, she began noticing a stinging on her back and saw for the first time a bruise on the lower portion of her back. She visited her family doctor the next day and he examined her, and, when she did not show improvement, he referred her to Dr. King, an orthopedic specialist in Shreveport.
Dr. King was called as a witness for the plaintiff. He first examined her on August sixth, and again on August thirteenth and August twenty-fifth. During this time he gave her whatever treatments he thought necessary and also had numerous x-rays made. His final conclusion was that she had no bone involvement or fractures and that she had suffered a mild sacral sprain. His exact conclusions may be found in his testimony under cross-examination as follows :
"Q. Now, at that time, your actual finding was a mild lumbo-sacral sprain, was it not, Dr. King?
“A. That is correct.
“Q. Up until the time that she left you, on August twenty-fifth, 1958, you had not changed that diagnosis, had you?
“A. No, sir.”
Plaintiff reported on August twenty-sixth, that she was moving to Baton Rouge and Dr. King recommended Dr. Moss Banner-man, an orthopedist, to her for follow-up treatment in that city. The plaintiffs introduced his testimony by deposition which shows that he first saw her on September 16, 1958. After examination he treated her weekly and administered physiotherapy from October 8 to October 15, 1958. Plaintiff was hospitalized for a period of four to six days and she was treated weekly until December 3, 1958. On this last date his diagnosis was that she had sustained a lumbosacral strain that was somewhat slow in responding to treatment. He said that his objective findings were that she suffered a moderate type of strain, but that her subjective complaints indicated a moderate or severe strain. At the time of his last treatment he considered her still under treatment and expected her to return, which she did not. X-rays were made and his study shows them to be negative as to fracture, dislocation, and acute pathology.
Mrs. Mason was referred to Dr. Howard Hansen by her attorney. He was a general practitioner in Baton Rouge, but apparently did an extensive industrial practice. He diagnosed the injury and complaints as most probably a mild lumbosacral strain and he was of the opinion that Mrs. Mason had a psychological problem in connection with the injury as well as the possibility of *189 intermittent porphyria, emanating from causes not conclusively determined but could have been caused by trauma, excessive heat, sunlight to the skin, vitamin deficiency, or a number of other things.
Dr. Duane Forman, a neurosurgeon, was asked to examine plaintiff while she was in the Baton Rouge hospital, and did so on October 31, 1958. His impression was that she had sustained a sprain of her lumbar spine and that there was no good evidence of nerve root compression in her lumbar or sacral spine to indicate a ruptured intervertebral disc.
On December 11, 1958, she again was examined by Dr. Forman and was still complaining of pain. He thought she was still suffering from the effects of having sprained her lumbar spine but that the possibility of a ruptured disc had not been excluded so he advised myelography which was performed on December 15, 1958. This test did not show any intraspinal lesions such as a ruptured disc and he was of the opinion that this excluded such and that his initial evaluation of lumbosacral sprain was correct. He further stated that a postural fault could be the cause of her difficulty.
Dr. Willis Taylor, an orthopedist of Shreveport, examined plaintiff on behalf of defendant on June 20, 1959, and his testimony was based only on this examination. In connection with his examination, the usual x-ray studies were completed of the dorsal or upper spine and of the lumbo-sacral spine and his review of these films showed no evidence of injury in either the dorsal or lumbosacral area of the spine. He, therefore, concluded that there were no objective findings upon which to base any real injury.
By way of summary, we find from all of the medical testimony that Mrs. Mason received a mild sacral sprain as a result of this accident. It seems that there is a strong possibility that she is also suffering from psychoneurosis, but this latter condition cannot be attributed to the accident with any degree of certainty. The evidence as to the porphyria is very uncertain, both as to whether or not she was. suffering with such a disease, and also as to. any connection that it might have had with this accident. We are, therefore, of the opinion that the evidence in this case justifies an award based only on the finding of a mild sacral sprain.
Counsel for the plaintiffs have cited to the court the case of Norman v. State, La.App. 2 Cir., 1953, 69 So.2d 120, as authority for the well established principle that an appellate court should not disturb the verdict of a jury, except in cases of manifest error. This Court is well aware of the verbiage used in the cited case and has reaffirmed the doctrine on many occasions. However, we are compelled to state that we find such an error to have been committed by the jury in the case now under consideration. The case having been decided by the jury in the lower court, we naturally do not have the benefit of any written reasons for their findings. Undoubtedly the jury must have connected all of Mrs. Mason’s psychological problems with this accident. This should not have been done, because none of the doctors were able to testify with any degree of certainty that she was suffering from anything but a mild sacral sprain.
For the things which we have found Mrs. Mason to be suffering from, we feel an award of Three Thousand and no/100 ($3,000) Dollars to be ample. It would serve no useful purpose for us to outline the findings that have been made by our courts for any injuries similar to the one now before us. Suffice it to say that we feel that an award of Three Thousand and no/100 ($3,000) Dollars would be in line with those involving injuries that have been diagnosed as “a mild sacral sprain”.
We also find that the court below committed manifest error in awarding a judgment to Mr. Mason for the total sum of *190 Four Thousand One Hundred and no/100 ($4,100) Dollars. Three Thousand and no/100 ($3,000) Dollars of this award was apparently based upon the loss of wages by Mrs. Mason from the operation of her nursery. An examination of the evidence leads us to the inescapable conclusion that she did not lose any money from the operation of her nursery as a result of this accident. It was shown, to the contrary, that she only remained in this vicinity for one week after the accident and that during this short time her nursery was operated as usual and without any added expense. Approximately one week after the accident she moved to Baton Rouge in order to join her husband, whose employment caused him to move there. The evidence substantiates the conclusion that she would have closed her nursery and joined her husband in Baton Rouge, even if the accident had never happened.
The remaining portion of the award to Mr. Mason was apparently made for the payment of medical expenses incurred by his wife up to the time of the trial. An examination of the evidence, together with the exhibits, shows a total of Eight Hundred Eighty Nine and 98/100 ($889.98) Dollars as having been paid by plaintiffs herein. The defendants contend that a portion of these medical .expenses cannot be attributable to this accident, because they were incurred while she was being examined and treated for things completely foreign to the accident. The plaintiffs, on the other hand, contend that the amount allowed for medical expenses was inadequate because it did not take into consideration any future treatment. An award for future medical expenses is not justified in this case because of our findings heretofore given. While there may be some items in the total medical figure previously given that are not directly connected with the accident, we are unable to definitely segregate such items, and we feel that the total amount should be awarded.
It is, therefore, ordered that the judgment of the district court be amended so as to reduce the award to C. L. Mason to the sum of Eight Hundred Eighty Nine and 98/100 ($889.98) Dollars, and that to Dorothy O. Mason the sum of Three Thousand and no/100 ($3,000) Dollars, and as thus amended, it is affirmed.
Costs of this appeal are taxed against plaintiffs-appellees.